**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DEAN HAGLER,

            Plaintiff,                   CIVIL ACTION FILE NO.:

                                    _____

v.

JAY JALARAMBAPA, INC.,
a Domestic Profit Corporation,         **INJUNCTIVE RELIEF SOUGHT**
d/b/a BAYMONT INN & SUITES,

            Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, Dean Hagler (hereinafter "Plaintiff"), by and through the undersigned counsel, and files this his Complaint against Jay Jalarambapa, Inc., a Domestic Profit Corporation, d/b/a Baymont Inn & Suites ("Defendant"), for declaratory and injunctive relief pursuant to 42 U.S.C. § 12182 et seq. and the 2010 Americans with Disabilities Act ("the ADA") and alleges as follows:

### I.
### BACKGROUND

1.    Plaintiff is a disabled person. Plaintiff brings this action against Defendant under Title III of the ADA alleging barriers to access at Defendant's place of public accommodation, the hotel known as BAYMONT INN & SUITES.

Defendant is the proper party Defendant in this case with respect to the premises as the owner and operator thereof. The subject premises, as a hotel, is a place of public accommodation as defined by the ADA. It includes a swimming pool, parking, approaches, paths of travel, lodging spaces and other public accommodations and services covered by the ADA.

2.     Plaintiff alleges, without limitation, that Defendant maintains barriers to the access and use of its pools. Defendant's pools do not have a fixed pool lift or other acceptable means of entry for disabled persons, notwithstanding that such modifications are readily achievable. Plaintiff seeks a declaration that Defendant's hotel violates federal law and an injunction requiring Defendant to install fixed pool lifts or other means of access in compliance with the ADA and implementing regulations so that the pools are accessible to, and independently usable by, disabled persons. Plaintiff further requests that, given Defendant's failure to comply with the federal mandates, the Court retain jurisdiction of this matter for a period to be determined to ensure Defendant's compliance with the requirements of the ADA, and to ensure that Defendant has adopted and is following an institutional policy which will, in fact, cause Defendant to remain in compliance with federal law.

## II.
## JURISDICTION AND VENUE

3.      Plaintiff seeks declaratory and injunctive relief under Title III of the ADA, 42 U.S.C. §12181 et seq. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

4.      The claims asserted herein arose in this judicial district, and Defendant does substantial business in this judicial district.

5.      Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §1391(b) and LR 3.1(B)(3), NDGa., in that a substantial part of the events or omissions giving rise to these claims occurred in this judicial district and division.

### III.
### PARTIES

6.      Plaintiff Dean Hagler is, and at all times material hereto was, a resident citizen of the State of Georgia and suffered from a qualified disability in the State of Georgia. Plaintiff is legally disabled and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA as set forth at 28 CFR §§36.101 et seq.

7.      Upon information and belief, Defendant is the lessee, operator, owner and lessor of the public accommodation at issue in this action, a hotel which is located at 3192 Barrett Lakes Boulevard, Kennesaw, Georgia 30144 ("the subject facility") and is the owner of the improvements where the subject facility is located.

3

8.      Defendant is authorized to conduct, and in fact is conducting, business in the State of Georgia.

9.      Plaintiff is an individual who, at all times material hereto, suffered with numerous disabilities including peroneal muscular atrophy and paralysis. At all times material hereto, Plaintiff suffered from a "qualified disability" under the ADA, and as such required the use of a lift or hoist for pool accessibility and the use of a gate latch of an appropriate height to gain access to the pool area. Plaintiff personally visited the subject facility but was denied full and equal enjoyment of the facilities, services, goods and amenities at the subject facility, even though he would be classified as a "bona fide patron."

10.     Plaintiff would avail himself of the facilities and services offered at the subject facility, including its pool, in the future provided that Defendant modifies the subject facility or modifies Defendant's policies and procedures to accommodate individuals who have physical disabilities.

**IV.**
**COUNT ONE**
**VIOLATIONS OF THE ADA**

11.     Plaintiff references and incorporates paragraphs 1 through 10 of this Complaint as if set forth in this Count verbatim.

12.     On July 26, 1990, Congress enacted the ADA, 42 U.S.C. §12181 et seq., a comprehensive civil rights law prohibiting discrimination on the basis of disability.

13.     The ADA broadly protects the rights of individuals with disabilities in employment, access to state and local government services, places of public accommodation, and in other essential areas of daily life.

14.     Title III of the ADA prohibits discrimination in places of public accommodation, and it requires places of public accommodation to be readily accessible to, and independently usable by, individuals with disabilities.

15.     On July 26, 1991, the Department of Justice issued rules implementing Title III of the ADA, which rules are codified at C.F.R. Part 36.

16.     Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. part 36) contains the ADA standards for Accessible Design ("1991 Standards"), which were based upon the Americans with Disabilities Act Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date.

17.     In 1994, the Access Board began the process of updating the 1991 standards by establishing a committee composed of members of the design and

construction industries, the building code community, state and local government entities, as well as individuals with disabilities.

18.     In 1999, based largely on the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise its ADA Accessibility Guidelines.

19.     The Access Board issued final publication of revisions to the 1991 ADAAG on July 23, 2004 ("2004 ADAAG").

20.     On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG.

21.     On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

22.     The long-contemplated revision to the 1991 ADAAG culminated in issuance by the DOJ of the 2010 Standards for Accessible Design ("2010 Standards"). The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards consist of the 2004 ADAAG and the requirements contained in subpart D of 28 C.F.R. part 36.[1]

---

[1] Though the Effective Date of the 2010 Standards was March 15, 2011, the deadline for existing pools to comply did not become effective until January 31, 2013, at which time 2010 standards became enforceable through civil actions by private plaintiffs.

23.     The 2010 Standards, for the first time, set minimum requirements for making swimming pools, wading pools and spas accessible to persons with disabilities. Under Section 242.2 of the 2010 Standards, newly constructed and altered pools must meet these requirements. Public accommodations must bring existing pools into compliance with the 2010 Standards to the extent it is readily feasible to do so.

24.     Notably, the lodging industry requested and received a number of extensions of time before the mandatory requirements of Section 242.2 became effective. Notwithstanding, the industry remains largely noncompliant with the requirements.

25.     Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 Standards, the subject facility is a place of public accommodation governed by the ADA in that it provides services to the general public.

26.     Defendant has discriminated and continues to discriminate against Plaintiff and others similarly situated by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations at the subject facility, as prohibited by 42 U.S.C. § 12101 et seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

7

27.    Plaintiff has visited the subject facility and has been denied full and safe access to the facilities, and Plaintiff therefore suffered an injury in fact.

28.    Plaintiff would like to return and enjoy the facilities on a spontaneous, full and equal basis but is precluded from doing so due to Defendant's failure and refusal to provide accommodations which are equally accessible to persons with disabilities. Plaintiff's injury is therefore continuing in natural due to ongoing existing barriers to access maintained by Defendant.

29.    Defendant is in violation of 42 U.S.C. § 12182 et seq. and the 2010 Standards, and is discriminating against Plaintiff as a result of, inter alia, the following specific violations:

a)  In failing to provide a means of entry for persons with disabilities, such as a pool lift, sloped entry, or transfer wall or transfer chair, pursuant to 2010 ADAAG § 242.1 and § 1009; and,

b)  In failing to provide a gate latch to the pool area which is suitable for use by disabled persons, pursuant to 2010 ADAAG § 404.2.7.

30.    To the best of Plaintiff's knowledge and belief, Defendant has failed to eliminate the specific violations set forth in paragraph 29 herein. Defendant is aware, or should be aware, of the violations made the subject of this Complaint.

31.     Defendant was required to comply with the ADA and its promulgating regulations by making the subject facility as a place of public accommodation accessible to persons with disabilities on or before January 28, 1992. As of the date of filing of this Complaint Defendant has failed to comply with applicable law.

32.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to an award of attorney fees and costs pursuant to 42 U.S.C. §12205.

33.     The violations which exist at the subject facility may be readily achieved, are technically feasible, and would not result in any significant loss of marketing or sales space to Defendant.

34.     In any instance where the 2010 ADAAG standard would not apply to the subject facility, the 1991 ADAAG standard would apply so as to require any violation identified and alleged hereinabove to be remedied in such a way as to effectuate compliance with federal law.

35.     This Court is vested with the authority to grant Plaintiff injunctive relief, including an order requiring Defendant to alter the subject facility to make it readily accessible to persons with disabilities to the extent required by the ADA, and/or to close the subject facility until compliance therewith is achieved.

9

WHEREFORE, Plaintiff demands judgment against Defendant and prays as follows:

(1) That the Court declare the subject facility to be in violation of Title III of the ADA;

(2) That the Court enter an Order requiring Defendant to alter the subject facility so that it is accessible to persons with disabilities to the full extent required by Title III of the ADA;

(3) That the Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities for such reasonable time as to allow Defendant to undertake and complete remedial measures;

(4) That the Court award reasonable attorney fees, costs, and expenses to Plaintiff; and,

(5) That the Court award such other and further relief as it deems necessary and proper in the premises.

DATED: September 14, 2015

*Signature page to follow*

Respectfully submitted,

MATTHEW N. POPE, P.C.

By: */s/ Matthew N. Pope*
    Matthew N. Pope
    Georgia Bar No. 584216
    842 SECOND AVENUE
    P.O. BOX 2624
     COLUMBUS, GEORGIA  31901
    (706) 324-2521 telephone
    (706) 324-0466 facsimile
    matt@mpopelaw.com

    ***ATTORNEYS FOR PLAINTIFF***